UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 4:19-cr-206 |
| ) | |
| Plaintiff ) | Judge Dan Aaron Polster |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| DEWON R. DAWSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Before the Court is the Report and Recommendation of Magistrate Judge William H. Baughman, Jr. ("R&R"), **Doc #: 172**. Pending is Defendant Dewon R. Dawson's motion to suppress, **Doc #: 123**, and motion requesting a hearing, **Doc #: 139**.

As an initial mater, no hearing is required to decide Dawson's facial attack of the search warrant. Thus, Dawson's motion requesting a hearing, **Doc #: 139**, is **DENIED**.

In a well-written, thorough opinion, the Magistrate Judge examined Dawson's arguments and concluded that his motion to suppress should be denied. Doc #: 172. The Magistrate Judge concluded that the search warrant affidavit clearly provided probable cause for the search of the subject premises. Doc #: 172 at 17. Dawson timely filed objections to the R&R. Doc #: 175. The Court has carefully reviewed the R&R and Dawson's objections, and hereby **OVERRULES** Dawson's objections and **ADOPTS** the R&R in full.

In his objections, Dawson restates arguments fully addressed by the Magistrate Judge. The Federal Magistrates Act requires a district court to conduct a de novo review of those portions of the R&R to which an objection has been made. 28 U.S.C. § 636(b)(1). However, an objection to an R&R is not meant to be simply a vehicle to rehash arguments set forth in the petition, and the Court is under no obligation to review de novo objections that are merely an attempt to have the district court reexamine the same arguments set forth in the petition and briefs. *Roberts v. Warden, Toledo Correctional Inst.*, No. 1:08-CV-00113, 2010 U.S. Dist. LEXIS 70683, at *22, 2010 WL 2794246, at *7 (S.D. Ohio Jul. 14, 2010) (citation omitted); *see Sackall v. Heckler*, 104 F.R.D. 401, 402 (D.R.I. 1984) ("These rules serve a clear and sensible purpose: if the magistrate system is to be effective, and if profligate wasting of judicial resources is to be avoided, the district court should be spared the chore of traversing ground already plowed by the magistrate . . . ."); *O'Brien v. Colvin*, No. CIV.A. 12-6690, 2014 WL 4632222, at *3, 2014 U.S. Dist. LEXIS 129179, at *7–8 (E.D. Pa. Sept. 16, 2014) (collecting cases); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act."). The Court need not afford de novo review to objections which merely rehash arguments presented to and considered by the Magistrate Judge.

Accordingly, the Court fully concurs with the Magistrate Judge's detailed analysis explaining that the search warrant affidavit provides probable cause for the search. The Court

hereby **OVERRULES** Dawson's objections, **Doc. # 175**, and adopts the R&R in full. Dawson's motion to suppress, **Doc #: 123**, is **DENIED**.

    **IT IS SO ORDERED.**

*/s/ Dan Aaron Polster January 9, 2020*
**Dan Aaron Polster**
**United States District Judge**