UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | CASE NO.  19-cr-206 |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| **DEWON DAWSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Before the Court is Defendant Dewon Dawson's Motion to Revoke Detention Order, **Doc #: 199**. Dawson asks that the Court revoke the Magistrate Judge's detention order and grant him pretrial release pursuant to 18 U.S.C. § 3145(b) or, in the alternative, grant him temporary release pursuant to 18 U.S.C. § 3142(i). Doc #: 199 at 1. For the following reasons, Dawson's Motion is **DENIED**.

  **I.**  **Background**

Dawson is charged with drug conspiracy in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1(B); and possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c). Doc #: 1. Magistrate Judge William H. Baughman Jr. held a

detention hearing on April 17, 2019, after which he ordered that Dawson be detained pending trial. Docs ##: 54, 55.

Dawson filed the present Motion on July 10, 2020, Doc #: 199. The Government filed a response on July 11, 2020, Doc #: 200.

## II. Analysis

### a. Revocation of Detention Order

A person has the right to have the court with original jurisdiction conduct a de novo review of a magistrate judge's detention order. 18 U.S.C. § 3145(b); *United States v. May*, 2020 U.S. Dist. LEXIS 83927, at *2 (N.D. OH May 13, 2020). This right is waived if not exercised within 14 days from being served a copy of the detention order. Fed. R. Crim Pr. 59(a). Magistrate Judge Baughman issued the detention order over a year ago. Dawson's time to have this Court review the detention order has long ago passed.

As Dawson cannot object to Magistrate Judge Baughman's detention order, the detention order can only be modified if this Court reopens the detention hearing. A court may reopen a detention hearing at any time before trial if:

> [T]he judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f).

Dawson contends that the existence of COVID-19 constitutes such new information. Doc #: 199 at 7. He asserts in support that because of his pre-existing medical condition, Arterial Hypertension, he is more suspectable to COVID-19. Doc #: 199 at 7.

A defendant's health is a factor to be considered when determining whether a person will appear or is a danger to the safety of any other person or the community. 18 U.S.C. § 3142(g)(3).

2

But "a generalized risk of contracting COVID-19 does not 'amount to a material change of circumstances warranting a renewed evaluation of [a] prior detention order.'" *United States v. Bothra*, 2020 U.S. App. LEXIS 16383, at *3 (6th Cir. May 21, 2020) (quoting *United States v. Nero*, 2020 U.S. Dist. LEXIS 57971 (E.D. Mich. Apr. 6, 2020)).

Here, Dawson presents only a generalized risk of contracting COVID-19. The Centers for Disease Control and Prevention does not suggest that hypertension renders a person at higher risk of COVID-19 complications.[1] And an article in the May 2020 issue of American Journal of Hypertension concluded that "there is as yet no evidence that hypertension is related to outcomes of COVID-19."[2] Thus, there is not information which warrants reopening the detention hearing.

### b. Temporary Release

A court may permit temporary release through a subsequent detention order when it is "necessary for the preparation of the person's defense or for any other compelling reason." 18 U.S.C. § 3142(i). The Defendant has the burden of establishing that circumstances warrant temporary release. *Bothra*, 2020 U.S. App. LEXIS 16383 at *4 (citation omitted). Generalized fear of contracting COVID-19 is not a compelling reason that warrants temporary release. *See id.* at *5.

Again, Dawson presents only generalized fear of contracting COVID-19 and so temporary release is not warranted. Furthermore, the Northeast Ohio Correctional Center, where Dawson is being held, has no reported COVID-19 cases and are taking significant steps to prevent a COVID-19 outbreak. *See* Doc #: 200 at 3-5.

---

[1] *People Who Are at higher Risk for Severe Illness*, CORONAVIRUS DISEASE 2019 (COVID-19), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited June 8, 2020).
[2] Ernesto L. Schiffrin et al, Hypertension and COVID-19, AMERICAN JOURNAL OF HYPERTENSION, (May 2020), https://doi.org/10.1093/ajh/hpaa057.

## III. Conclusion

For the above reasons, Dawson's Motion, **Doc #: 199**, is **DENIED**.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster June 12, 2020*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT COURT**